DAVID B. BARLOW, United States Attorney (#13117)
JOHN K. MANGUM, Assistant United States Attorney (#2072)
Attorneys for the United States of America
185 South State Street, Suite #300
Salt Lake City, Utah  84111
Telephone:  (801) 524-5682

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 2:12-cv-00024 TS |
| Petitioner, | : | |
| v. | : | REPORT & RECOMMENDATION |
| | : | |
| SHARRIE BIGLER CUTSHALL, | | Judge Ted Stewart |
| | : | |
| Respondent. | | Magistrate Judge Paul Warner |

On January 9, 2012, the United States of America filed a petition to enforce its July 1, 2011 IRS Summons ("the Summons") pursuant to 26 U.S.C. §§ 7402(b) and 7604(a).  Judge Stewart issued an Order to Show Cause ("OTSC") on January 17, 2012, which referred this matter to Magistrate Judge Warner for a hearing scheduled for March 15, 2012.

The OTSC directed Respondent to file a written response supported by sworn affidavits to the United States' Petition to Enforce the Summons ("the Petition") within ten days of the OTSC being served upon her.  The OTSC also directed the undersigned magistrate judge to convene a hearing on March 15, 2012 at 2:00 p.m. to hear any arguments that would assist the Court in determining whether Respondent has shown cause as to why she should not be ordered to comply with the Summons.

The OTSC also required the IRS or a United States Marshal to serve a copy of the OTSC and Petition upon Respondent pursuant to Fed.R.Civ.P. 4, or if not feasible, "by any other means

reasonably calculated to notify Respondent of this action against him." Docket No. 3 at 2.  The OTSC warned that Respondent's unexcused failure to appear will result in a warrant for her arrest.  Docket No. 3 at 2.  The United States' reasonable efforts to accomplish this service of the OTSC and Petition are set forth in the return of service filed February 16, 2012 as Docket No. 4.  Respondent did not timely file any written response with the Court to that service, nor has Petitioner been served with any such response.

As scheduled, on March 15, 2012, at 2:00 p.m., the undersigned convened a hearing on the OTSC at which Respondent appeared. Respondent was not represented by legal counsel. The United States appeared through Assistant United States Attorney John K. Mangum, accompanied by Revenue Officer Poulsen.  Respondent explained that she was not then ready to respond to the IRS Summons, that she had been dealing with personal issues, was seeing a therapist for those issues, and presented a note written by the therapist seeking an extension of time before she might have to deal with this tax matter.  Accordingly, the Court continued the hearing until June 14, 2012, at 2:00 p.m., but urged Respondent to deal with this sooner if she were so able.

As scheduled, on June 14, 2012, at 2:00 p.m., the undersigned convened the continued hearing on the OTSC. The United States appeared through Assistant United States Attorney John K. Mangum, again accompanied by Revenue Officer Poulsen. Respondent did not appear within a reasonable time after the hearing started and a bench warrant was issued for her arrest.

Shortly after the arrest of Respondent, a follow-up hearing was convened on Tuesday, June 19, 2012, at 3:30 p.m. before the undersigned Magistrate Judge, to continue the earlier hearing on the outstanding OTSC. Respondent was present and the United States appeared

through Assistant United States Attorney John K. Mangum, again accompanied by Revenue Officer Poulsen.

After the arguments and representations made in the hearings of March 15, 2012, June 14, 2012, and June 19, 2012, I report the following:

1. The United States has carried its burden of proof to enforce the Summons. Through the Summons and the declaration of the revenue officer that were attached to the Petition, the United States established that: (1) it sought the summoned information for a legitimate purpose, (2) the summoned information is relevant to the legitimate purpose, (3) the summoned information was not already in the possession of the United States; and (4) that the United States followed proper administrative procedures.

2. Once the United States has established its initial burden of proof, the burden shifts to Respondent to show why she should not be compelled to comply with the Summons. Respondent has failed to show cause as to why she should not be ordered to comply with the Summons.

Consequently, the undersigned recommends that:

1. The District Court find that Respondent has failed to show cause why she should not be compelled to comply with the Summons; and

2. The District Court order Respondent to provide the information required by the Summons to the IRS no later than 15 days after the District Court adopts this Report and Recommendation.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific, written objections. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

Pursuant to 28 U.S.C. § 636(b)(1)(C), the District Judge to whom this case is assigned shall make a *de novo* determination upon the record of any portion of the undersigned's disposition to which specific written objection has been made. The District Judge may accept, reject, or modify the recommended decision, receive further evidence, or re-commit the matter to the magistrate judge with instructions.

DATED this 19th day of June, 2012.

BY THE COURT:

_____
Magistrate Judge Paul M. Warner